# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DANNY LEO REICHERT,

    Petitioner,

-vs-                                               Case No. 8:09-CV-1777-T-30AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

This matter is before the Court, *sua sponte,* for review of the file. Petitioner, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus challenging his 1987 convictions (Dkt. 1). On September 3, 2009, the Court ordered Petitioner to show cause, on or before September 23, 2009, why this action should not be dismissed as time barred (Dkt. 3).

To date, Petitioner has not responded to the Court's September 3, 2009 order. Petitioner was cautioned in the order that failure to comply with the order within the allotted time "will result in the dismissal of this action without further notice." (Dkt. 3 at pg. 3). The order was mailed to Petitioner's address of record, and it was returned to the Court as undeliverable. The order was resent to Petitioner on September 17, 2009, at his new address found on the Department of Corrections inmate locator. The order has not been returned to the Clerk as undeliverable.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court can, in its own discretion, dismiss an action based on the failure of a plaintiff to prosecute or comply

with any order of the court. *See also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (finding that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)[1] (finding that "[a]lthough [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'").

**ACCORDINGLY**, the Court **ORDERS** that:

1. This action is **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the Court's September 3, 2009 order. The dismissal is without prejudice to Petitioner filing a new action under a new case number.

2. The **Clerk** shall terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 9, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Petitioner

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).